IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN KRIETER | § | PLAINTIFFS |
| | § | |
| v. | § | Civil Action No. 1:08cv476HSO-JMR |
| | § | |
| MISSISSIPPI FARM BUREAU | § | DEFENDANTS |
| MUTUAL INSURANCE, ET AL. | § | |

## ORDER AND REASONS GRANTING DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(1)

BEFORE THE COURT are Motions to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) filed on October 14, 2008, by Defendant Mississippi Windstorm Underwriting Association ["MWUA"][4-1], and by Defendants Audubon Insurance Group ["Audubon"] and AIG Claims Services, Inc., ["AIG"][6-1], and on October 21, 2008, by Defendant Mississippi Farm Bureau Mutual Insurance Company ["Farm Bureau"][10-1]. Plaintiff filed a single Response addressing all three Motions on November 12, 2008 [13-1]. Farm Bureau filed a Rebuttal on November 24, 2008 [14-1], which Audubon, AIG and MWUA joined on November 26, 2008 [15-1]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motions should be granted and the above captioned case dismissed for lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff owned a residence located at 615 North Beach Boulevard in Waveland, Mississippi, for which he purchased certain homeowners' insurance policies from Farm Bureau, Audubon, AIG, and MWUA. On August 29, 2005, within the coverage period of the subject policies, Hurricane Katrina nearly destroyed Plaintiff's home and other property.

Plaintiff filed his Complaint in this Court on or about August 28, 2008, against Defendants Farm Bureau, Audubon, AIG, MWUA, and John Does 1 to 10, seeking compensatory damages, punitive damages, and other equitable relief for negligence, gross negligence, breach of fiduciary duty, breach of contract, bad faith, intentional infliction of emotional distress, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, estoppel, detrimental reliance, and failure to train agents. Plaintiff's Complaint asserts that this Court has subject matter jurisdiction over the claims based on complete diversity of citizenship of the parties. Compl. at ¶ 8.

In lieu of Answers, AIG, Audubon, and MWUA filed Motions to Dismiss relying upon Federal Rule of Civil Procedure 12(b)(1). In addition, Farm Bureau filed an Amended Answer and a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. DISCUSSION

A.  Motions to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). This challenge may take the form of either a facial or factual attack upon a plaintiff's complaint. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). In the present case, Defendants challenge subject matter jurisdiction based upon the face of Plaintiff's Complaint; therefore, similar to an analysis under Rule 12(b)(6), this Court must accept the allegations of Plaintiff's Complaint, and they are taken as true. *See id.*

Defendants' Motions assert that because Plaintiff is admittedly a resident of the State of Mississippi, and both Farm Bureau and MWUA are located in the State of Mississippi and have their principal places of businesses here, complete diversity is absent, such that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

> Plaintiff's own allegations – where the Plaintiff himself and two of the Defendants are Mississippi citizens – establish that complete diversity of citizenship does not exist. Since "[d]iversity jurisdiction, as provided for by 28 U.S.C. § 1332, is proper only where the plaintiff and defendant are citizens of different states," *Wilson v. Pond*, 2006 WL 2457446, *1 (S.D. Miss. Aug. 23, 2006), this case should be dismissed.

MWUA'S Mot. to Dismiss at pp. 2-3; Audubon and AIG's Mot. to Dismiss at pp. 3-4; Farm Bureau's Mot. to Dismiss at p. 3.

Plaintiff's Response states that "dismissal in this instance is not proper and this Court should remand this case to State Court for further proceedings." Pl.'s Resp. at p. 1.

It is well established that:

> [c]omplete diversity is a statutory requirement under § 1332. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir.2004). 'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.' *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968).

*Hicks v. Safeway Ins. Co.,* 2006 WL 839557, *1 (S.D. Miss. 2006).

Based upon the foregoing, complete diversity is clearly lacking and this Court lacks subject matter jurisdiction over this case. Moreover, remand is not authorized in the present case since the Complaint was originally filed in this Court. Defendants' Motions must be granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) filed by Defendant Mississippi Windstorm Underwriting Association on October 14, 2008 [4-1], should be and is hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) filed by Defendants Audubon and AIG Claims

Services, Inc., on October 14, 2008 [6-1], should be and is hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) filed by Defendant Mississippi Farm Bureau Mutual Insurance Company on October 21, 2008 [10-1], should be and is hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Complaint should be and is hereby **DISMISSED WITHOUT PREJUDICE,** with each party to bear their respective costs.

**SO ORDERED AND ADJUDGED**, this the 11th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE